# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2022

Lyle W. Cayce
Clerk

No. 19-60533
Summary Calendar

Santos Wilfredo Andrade-Vindel, *also known as Wilfredo Vindel, also known as Pilar Enrique Ramos-Pineda*,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 006 187

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Santos Wilfredo Andrade-Vindel, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) affirming

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the Immigration Judge's (IJ) denial of his claims for withholding of removal and cancellation of removal.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Andrade asserts the BIA erred in deciding he was not entitled to withholding of removal because he failed to show a nexus between his feared persecution and his proposed particular social group (PSG): his family. Threats or attacks motivated by purely personal or criminal motives do not constitute persecution on account of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004) (per curiam) (denying relief because officers' conduct was personal or criminal). Given the record evidence supporting that Andrade and his relatives had previously been targeted for purely personal or criminal reasons, the BIA acted substantially reasonably in finding that Andrade-Vindel failed to show that his membership in his asserted PSG was a central reason for any feared future persecution. *See Shaikh v. Holder*, 588 F.3d 861, 863–64 (5th Cir. 2009) (explaining court "afford[s] considerable deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect" (citations omitted)). Accordingly, Andrade's claim for withholding of removal fails.

Additionally, relying upon *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Andrade contends the BIA erred in determining he had not established the requisite ten years of continuous physical presence in the United States to

No. 19-60533

qualify for cancellation of removal. In *Pereira*, the Court held: a notice to appear that neglects to inform a noncitizen of when and where to appear for removal proceedings does not trigger the stop-time rule and, therefore, does not end the period of continuous presence. *Id.* at 2109–10. Although our court subsequently approved of a two-step notice process, *see Pierre-Paul v. Barr*, 930 F.3d 684, 690–91 (5th Cir. 2019), the Court recently overruled that decision, clarifying that "a single compliant document" is necessary to stop the accrual of time in this context. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485 (2021).

Because the BIA evaluated Andrade's request for cancellation of removal by applying the stop-time rule under the now-invalid two-step notice process, the BIA's denial of Andrade's request for cancellation of removal is VACATED, and this matter is REMANDED to the BIA for further consideration in the light of *Niz-Chavez*.

DENIED IN PART; GRANTED IN PART; REMANDED.